# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-1061 ABC(JC) | Date | June 14, 2013 |
|---|---|---|---|
| Title | James Dean Rickey v. Extradition Transport of America, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Hana Rashad | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| none | none |

**Proceedings:**     (IN CHAMBERS)

## ORDER TO SHOW CAUSE RE DISMISSAL

This action originated in the Western District of Missouri ("WDMO") and was transferred to the Central District of California ("CDCA") and recently assigned to this Court.

On September 28, 2011, plaintiff, an inmate in the State of Missouri, who was then proceeding *pro se*, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against Extr[a]dition Transport of America ("ETA"), its owner, and multiple employees. (Docket No. 1). Plaintiff concurrently sought leave to proceed in forma pauperis ("IFP"). (Docket No. 2). On October 3, 2011, a District Judge in the WDMO granted plaintiff provisional leave to proceed IFP and directed him to correct technical defects in the Complaint or face dismissal of the action. (Docket No. 4). On or about October 24, 2011, plaintiff obtained counsel. (Docket No. 7). Plaintiff's counsel then paid the $350 filing fee. The WDMO District Judge thereafter denied plaintiff's original motion for leave to proceed IFP as moot. (Docket No. 13).

On January 23, 2012, plaintiff, through counsel, filed an Amended Complaint pursuant to Section 1983 against ETA, a majority member thereof, and multiple employees thereof raising an Eighth Amendment claim predicated upon defendants' actions/inactions during their transport of plaintiff (*e.g.*, failure to loosen/readjust tight restraints, failure to allow him to stretch his legs and to engage in personal hygiene, failure to supply adequate nutrition). (Docket No. 14). On February 1, 2012, the WDMO District Judge issued an order transferring the action to the Eastern Division of the CDCA, relieving plaintiff's counsel – thereby causing plaintiff to revert to pro se status, and advising plaintiff of "the need to cause prompt service of process on defendants." (Docket No. 15).

Due to a clerical error, the instant case was not actually received in the CDCA until on or about June 12, 2013. (Docket No. 16). On that date, the matter was referred to this Court.

///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-1061 ABC(JC) | Date | June 14, 2013 |
|---|---|---|---|
| Title | James Dean Rickey v. Extradition Transport of America, et al. | | |

    Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of the summons and operative complaint must be accomplished on each named defendant within 120 days after the filing of the complaint absent good cause shown to extend the time for an appropriate period.  To date, no evidence is before the Court that plaintiff has heeded the admonition of the District Judge in the WDMO and promptly caused the operative Amended Complaint to be served on any defendant.  Nor does the record reflect that plaintiff has made any efforts to prosecute this action during the more than fifteen (15) months that this action has been dormant.

    IT IS THEREFORE ORDERED, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule 41-1, that by **July 5, 2013**, plaintiff shall show cause, if there be any, why this case should not be dismissed based upon plaintiff's failure timely to serve the defendants and/or for lack of prosecution.  In the event plaintiff has effected service of the summons and Amended Complaint on defendants, he must file proof of service forms so reflecting by the foregoing deadline.

    **Failure timely to respond to this Order to Show Cause or to show cause, will result in the dismissal of this action based upon plaintiff's failure to effectuate service, plaintiff's lack of prosecution, and or plaintiff's failure to comply with this Order.**

    IT IS SO ORDERED.

| | Initials of Deputy Clerk | hr |
|---|---|---|