1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JAMES DEAN RICKEY,                      ) Case No. EDCV 13-1061 ABC(JC)
                          Plaintiff,    ) MEMORANDUM OPINION AND
                                        ) ORDER DISMISSING ACTION
          v.                            )
                                        )
EXTRADITION TRANSPORT OF                )
AMERICA, et al.,                        )
                                        )
                          Defendants.   )
_____ )

     This action originated in the Western District of Missouri ("WDMO"), was transferred to the Central District of California ("CDCA"), and was recently assigned to this Court.

     On September 28, 2011, plaintiff, an inmate in the State of Missouri, who was then proceeding *pro se*, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against Extr[a]dition Transport of America ("ETA"), its owner, and multiple employees. (Docket No. 1). Plaintiff concurrently sought leave to proceed in forma pauperis ("IFP"). (Docket No. 2). On October 3, 2011, a District Judge in the WDMO granted plaintiff provisional leave to proceed IFP and directed him to correct technical defects in the Complaint or face dismissal of the action. (Docket No. 4). On or about October 24, 2011, plaintiff obtained counsel. (Docket

No. 7).  Plaintiff's counsel then paid the $350 filing fee.  The WDMO District Judge thereafter denied plaintiff's original motion for leave to proceed IFP as moot. (Docket No. 13).

On January 23, 2012, plaintiff, through counsel, filed an Amended Complaint pursuant to Section 1983 against ETA, a majority member thereof, and multiple employees thereof, raising an Eighth Amendment claim predicated upon defendants' actions/inactions during their transport of plaintiff (*e.g.*, failure to loosen/readjust tight restraints, failure to allow him to stretch his legs and to engage in personal hygiene, failure to supply adequate nutrition).  (Docket No. 14).  On February 1, 2012, the WDMO District Judge issued an order transferring the action to the Eastern Division of the CDCA, relieving plaintiff's counsel – thereby causing plaintiff to revert to *pro se* status, and advising plaintiff of "the need to cause prompt service of process on defendants."  (Docket No. 15).  The WDMO docket reflects plaintiff's following address of record:  Crossroads Correctional Center, 1115 E. Pence Road, Cameron, MO 64429 ("Address of Record").

Due to a clerical error, the instant case was not actually received in the CDCA and assigned to this Court until on or about June 12, 2013.  (Docket No. 16). On that date, the Clerk issued a Notice of Reference to a United States Magistrate Judge which was sent to plaintiff at his Address of Record ("Notice").  (Docket No. 17).

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of the summons and operative complaint must be accomplished on each named defendant within 120 days after the filing of the complaint absent good cause shown to extend the time for an appropriate period.  No evidence is before the Court that plaintiff has heeded the admonition of the WDMO District Judge and promptly caused the operative Amended Complaint to be served on any defendant.  Nor does the record reflect that plaintiff has made any efforts to prosecute this action during the more than fifteen (15) months that this action has been dormant.  Accordingly, on June

2

14, 2013, the assigned Magistrate Judge issued an Order to Show Cause ("OSC")
pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule 41-1,
directing plaintiff, by July 5, 2013, to show cause, if there be any, why this case
should not be dismissed based upon plaintiff's failure timely to serve the defendants
and/or for lack of prosecution.  The OSC further ordered that in the event plaintiff
had effected service of the summons and Amended Complaint on defendants, he
must file proof of service forms so reflecting by the foregoing deadline.  The OSC
also advised plaintiff that the failure timely to respond to the OSC would result in
the dismissal of this action based upon plaintiff's failure to effectuate service,
plaintiff's lack of prosecution, and/or plaintiff's failure to comply with the OSC.
On June 14, 2013, the Clerk sent the OSC to plaintiff at his Address of Record.

On June 24, 2013, the OSC and the Notice were returned undelivered by the
Postal Service.  (Docket Nos. 19, 20).

Pursuant to Local Rule 41-6, a party proceeding *pro se* is required to keep
the Court apprised of his current address at all times.  Local Rule 41-6 provides in
pertinent part:

> A party proceeding *pro se* shall keep the Court and opposing parties
> apprised of such party's current address and telephone number, if any,
> and e-mail address, if any.  If mail directed by the Clerk to a *pro se*
> plaintiff's address of record is returned undelivered by the Postal
> Service, and if, within fifteen (15) days of the service date, such
> plaintiff fails to notify, in writing, the Court and opposing parties of
> said plaintiff's current address, the Court may dismiss the action with
> or without prejudice for want of prosecution.

In the instant case, more than fifteen (15) days have passed since the OSC
and the Notice were sent to plaintiff at his Address of Record, and returned by the
Postal Service.  To date, plaintiff has not notified the Court of his current address.

It is well-established that a district court has authority to dismiss a plaintiff's

1  action because of his failure to prosecute or to comply with court orders.  See Fed.

2  R. Civ. P. 41(b); Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); Ferdik v.

3  Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992).  In

4  determining whether to dismiss an action for failure to prosecute or failure to

5  comply with court orders, a district court must consider several factors:  (1) the

6  public's interest in expeditious resolution of litigation; (2) the court's need to

7  manage its docket; (3) the risk of prejudice to defendants; (4) the public policy

8  favoring disposition of cases on their merits; and (5) the availability of less drastic

9  alternatives.  See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to

10  prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

11         The Court finds that the first two factors – the public's interest in

12  expeditiously resolving this litigation and the Court's interest in managing the

13  docket, weigh in favor of dismissal.  The Court cannot hold this case in abeyance

14  indefinitely based on plaintiff's failure to notify the Court of his correct address.

15  See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal of

16  action for lack of prosecution pursuant to local rule which permitted such dismissal

17  when pro se plaintiff failed to keep court apprised of correct address; "It would be

18  absurd to require the district court to hold a case in abeyance indefinitely just

19  because it is unable, through plaintiff's own fault, to contact the plaintiff to

20  determine if his reasons for not prosecuting his lawsuit are reasonable or not.").

21  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal

22  since a presumption of injury arises from the occurrence of unreasonable delay in

23  prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir.

24  1976).  The fourth factor, the public policy favoring disposition of cases on their

25  merits, is greatly outweighed by the factors in favor of dismissal discussed herein.

26  Finally, given the Court's inability to communicate with plaintiff based on his

27  failure to keep the Court apprised of his current address, no lesser sanction is

28  feasible.  See Musallam v. United States Immigration Service, 2006 WL 1071970

1    (E.D. Cal. Apr. 24, 2006).

2         IT IS THEREFORE ORDERED that this action is dismissed for lack of

3    prosecution.

4

5    DATED: 7/12/13

6

7    _____

8         HONORABLE AUDREY B. COLLINS
         UNITED STATES DISTRICT JUDGE

9

10   Presented by:

11

12   _____/s/_____

13   Honorable Jacqueline Chooljian
     United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28